**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**LAVONN HOOKS**                                                      **PLAINTIFF**

**V.**                          **CASE NO.: 3:15CV00118-BD**

**CAROLYN W. COLVIN, Commissioner,**
**Social Security Administration**                                   **DEFENDANT**

<u>**ORDER**</u>

Plaintiff Lavonn Hooks has appealed the final decision of the Commissioner of the

Social Security Administration denying her claim for disability insurance benefits.  Both

parties have submitted appeal briefs, and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's

decision is supported by substantial evidence on the record as a whole and free of legal

error.  *Papesh v. Colvin*, __ F.3d __, 2015 WL 3396586, at *4 (8th Cir. 2015); see also 42

U.S.C. §§ 405(g).  Substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389,

401 (1971); *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).  In assessing the

substantiality of the evidence, the Court has considered evidence that detracts from the

Commissioner's decision as well as evidence that supports it.

Ms. Hooks alleged that she became limited in her ability to work by lower back

pain, high blood pressure, and a left foot condition.  (SSA record at 244)  After

---

[1]The parties have consented to the jurisdiction of the Magistrate Judge.  (Docket #3)

conducting a hearing, the Administrative Law Judge[2] ("ALJ") concluded that Ms. Hooks had not been under a disability within the meaning of the Social Security Act at any time from April 1, 2009, her alleged onset date, through March 17, 2014, the date of his decision.   (*Id*. at 37-38)  On April 22, 2015, the Appeals Council denied the request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (*Id*. at 1-4)  Ms. Hooks then filed her complaint initiating this appeal. (Docket #2)

At the time of the hearing, Ms. Hooks was 53 years old, lived with her husband, and was working thirty hours per week as a housekeeper.  (*Id*. at 51-54, 61)  She had a high school education and past relevant work as a retail stocker, assembly line packer, and housekeeper.  (*Id*. at 48-50)

The ALJ found that Ms. Hooks had not engaged in substantial gainful activity since her alleged onset date.  (*Id*. at 32)  He noted, however, that Ms. Hooks testified that at the time of the hearing she was working about 30 hours per week and was earning $7.25 per hour.  (*Id*.)  He found that, at the time of the hearing, her earnings did not reach substantial gainful activity; but, after August 2014, her earnings were above the substantial gainful activity level.  (*Id*.)

The ALJ found that Ms. Hooks had the following "severe" impairments: hypertension, chest pain, migraines, and back pain.  (*Id*.)  He further found that Ms.

---

[2]The Honorable David L. Knowles.

Hooks did not have an impairment or combination of impairments that met or equaled a

Listing.  (*Id*. at 32-33)  He judged that Ms. Hooks's allegations regarding the intensity,

persistence, and limiting effects of her symptoms were not totally credible.  (*Id*. at 33-36)

Based on his findings, the ALJ concluded that during the relevant time period, Ms. Hooks

retained the residual functional capacity ("RFC") for light work.  (*Id*.)

Based on testimony from a vocational expert, the ALJ concluded that Ms. Hooks

could not perform her past relevant work, but that she could perform other jobs available

in the national economy.  (*Id*. at 36-37)  Thus, the ALJ concluded that Ms. Hooks was not

disabled.  (*Id*. at 37)

**Residual Functional Capacity**

Ms. Hooks complains that the ALJ erred by finding she was capable of light work,

and argues that she is limited in her ability to stand and walk.  The ALJ must determine a

claimant's RFC based on all relevant evidence, including medical records, observations

of treating physicians and others, and the claimant's own descriptions of her limitations.

*Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005); *Baldwin v. Barnhart*, 349 F.3d 549,

556 (8th Cir. 2003).

To evaluate Ms. Hooks's credibility, the ALJ followed the required two-step

process and considered the required factors.[3]  (SSA record at pp. 33-36)  See *Policy*

---

[3]In considering the credibility of a claimant's subjective complaints, an ALJ must
consider: (1) the claimant's prior work record; (2) observations by third parties and
treating and examining physicians relating to such matters as: (a) the claimant's daily

*Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 96-7p (July 2, 1996).  Thus, the question before the court is whether substantial evidence supports the ALJ's evaluation of Ms. Hooks's credibility.

Here, Ms. Hooks complains she cannot stand and/or walk for six hours during an eight-hour work day.  (#13 at p. 9-12)  In support of this claim, Ms. Hooks points to the consultative opinion of Sudhir Kumar, M.D., who found that Ms. Hooks's impairments caused "mild limitations."  She also points to the opinion of an agency physician who indicated she was limited to sedentary work.  (*Id*.)

The ALJ discounted Ms. Hooks's complaints of pain because they were inconsistent with the evidence as a whole.  *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001);  *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).  The ALJ considered Dr. Kumar's report.  Dr. Kumar noted that Ms. Hooks denied chest pain, had negative straight-leg raises, and could stand and walk without an assistive device.  (*Id*. at 35) The ALJ found that Dr. Kumar's opinion that Ms. Hooks's impairments caused only *mild* limitation, along with the other evidence in the record, supported his finding that Ms. Hooks could perform light work.

---

activities; (b) the duration, frequency and intensity of the pain; (c) precipitating and aggravating factors; (d) dosage, effectiveness and side effects of medication; and (e) functional restrictions.  *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

The ALJ also noted that Ms. Hooks's complaints were not supported by other medical evidence in the record.  Following her April, 2009 lumbar spine laminectomy, Ms. Hooks showed improvement and had less pain and good strength.  (*Id.* at 521-23) CT scans of Ms. Hooks's head in February and September of 2010 showed no acute intracranial process.  (*Id.* at 409, 493)   Chest x-rays on August 5, 2010, were negative. (*Id.* at 334, 418)   A CT scan of Ms. Hooks's spine in September, 2010, showed no acute fracture or malignment.  (*Id.* at 412)  And finally, an x-ray of her foot in June, 2013 showed no abnormalities.  (*Id.* at 537)

As the ALJ noted, at times Ms. Hooks did not attend medical appointments and physical therapy.  And despite her complaints that she could not walk or stand long enough to perform light work, she testified that she was able to work as a housekeeper, a medium exertion job, six hours per day, five days per week.  (*Id.* at 54)   The ALJ had good reasons for discounting Ms. Hooks's allegations.  *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009).

The ALJ also considered the opinion of agency physician Joseph M. Damico, M.D.,[4] who determined that Ms. Hooks could perform only sedentary work.  The ALJ properly gave the opinion less weight because it was not supported by the medical evidence in the record as set forth above.  (*Id.* 36, 515-17)  After considering all of the

---

[4]Agency physicians Steven Strode, M.D., Ronald Davis, M.D., and Harpreet Khurana, M.D., determined that Ms. Hooks was capable of performing light work.  (*Id.* at 65-89, 513-14)

evidence in the record, there is substantial evidence to support the ALJ's RFC assessment.

**Development of the Record**

Ms. Hooks argues that, because the ALJ rejected the agency physician's opinion, there was no evidence to support his RFC assessment and that he should have further developed the record by re-contacting her treating physician.  In order to meet the heavy burden of showing the record has been inadequately developed, Ms. Hook must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  Ms. Hooks has not met her burden.

Here the record was fully developed, because the ALJ had the records of Ms. Hooks's treating sources, reports of diagnostic tests, as well as Dr. Kumar's report from his consultative examination of Ms. Hooks.

**Conclusion**

Substantial evidence supports the ALJ's decision denying Ms. Hooks's application for benefits.  The ALJ made no legal error.  For these reasons, Ms. Hooks's request for relief (#2) is DENIED, and the decision denying the application for benefits is AFFIRMED.

DATED this 7th day of December, 2015.

UNITED STATES MAGISTRATE JUDGE